PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DENNIS HOLT, | ) |
| Plaintiff, | ) CASE NO. 4:19CV01438 |
| v. | ) JUDGE BENITA Y. PEARSON |
| LT. BRIGHT, *et al.*, | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF Nos. 1, 5] |

*Pro se* Plaintiff Dennis Holt is a state prisoner presently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). ECF No. 1 at PageID #: 2. He brings this action pursuant to 42 U.S.C. § 1983 against defendants Lt. Bright and Warden Assistant Horton (collectively, "Defendants") regarding events that occurred at the Ohio State Penitentiary ("OSP") before he was transferred to SOCF. *See id*. at PageID #: 2, 6.

For the reasons that follow, this action is dismissed.

**I. Background**

Plaintiff alleges that Defendant Bright violated his constitutional rights when Bright denied him email access by placing him on kiosk restriction from September 2018 to March 2019, and by placing him on a 60-day telephone restriction. *Id.* at PageID #: 3. Plaintiff states that the restrictions imposed by Bright violated Ohio Department of Rehabilitation and Corrections ("ODRC") policy, which provides for telephone and kiosk restrictions when a prisoner abuses his privileges. *Id.* at PageID #: 3-4. Plaintiff states he did not abuse those privileges, so the restrictions were improperly imposed. *Id*. Plaintiff claims that because of these

(4:19CV01438)

email and telephone restrictions, he was unable to grieve with his son regarding the death of his son's mother, causing mental and physical distress. *See id*. at PageID#: 5. Plaintiff does not contend, however, that he was deprived of all communication with the outside world during the limited period of time his email and telephone access were restricted.

Plaintiff contends in conclusory fashion that Bright imposed these restrictions maliciously and sadistically to cause him harm unrelated to the safety and security of the institution, constituting cruel and unusual punishment and violating his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. *Id.* at PageID #: 4. Plaintiff further alleges that he brought his concerns about Bright's alleged unconstitutional conduct to Warden Assistant Horton, but Horton agreed with Bright's actions, thus denying Plaintiff an impartial appeal. *Id.* at PageID #: 4-5.

Plaintiff further alleges that he was sent from the OSP to the SOCF on May 21, 2019 to "discourage me from this civil action" and to silence him from speaking about the deprivation of his civil rights. *Id.* at PageID #: 6. Plaintiff alleges no facts to support his conclusory claim that his transfer from OSP to SOCF was connected to the exercise of his constitutional rights.

Plaintiff claims that at the SOCF, his email and telephone privileges have not been restored and it is "reasonable to infer" that these restrictions are a continuation of the violation of his constitutional rights that occurred at OSP. *Id*. Plaintiff further alleges that at SOCF he was placed in segregation on June 5, 2019 for "exaggerated conduct reports" and has remained there "for days" with limited privileges. *Id*. Plaintiff does not name in the Complaint or identify the

2

(4:19CV01438)

individuals at SOCF that are allegedly responsible for the claimed conduct.  Plaintiff repeatedly alleges that prison officials took these actions in retaliation against him.  *See id*.

Plaintiff filed a supplement to the Complaint that briefly reiterates the allegations in the Complaint and attaches the ODRC policies that he contends Defendants violated.  ECF No. 5. For relief, Plaintiff asks this Court to declare that Defendants violated his constitutional rights and to award him One Million Dollars from each Defendant.  ECF No. 1 at PageID #: 7.

## II.  Standard of Review

*Pro se* pleadings are liberally construed by the Court.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

When determining whether the Plaintiff has stated a plausible claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff,

3

(4:19CV01438)

accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Rather, Plaintiff must plead sufficient factual content that allows the Court to "draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.

### III.  Discussion

As an initial matter, the Complaint consists entirely of conclusory claims that Defendants violated Plaintiff's constitutional rights. *See* ECF No. 1. Plaintiff makes no factual allegations from which this Court may reasonably infer that Defendants are liable for the misconduct alleged. The Court is not required to accept Plaintiff legal conclusions, couched as a factual allegation, as true. *Papasan*, 478 U.S. at 286. Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) on this basis alone.

**A**. **Telephone and email access**

4

(4:19CV01438)

Moreover, while prisoners have a First Amendment right to communicate with the outside world, they do not have a constitutional right to a particular form of communication, such as access to email or telephone. See *Bristow v. Amber*, No. 2:12-CV-412, 2012 WL 1963577, at *2-3 (S.D. Ohio May 31, 2012) (prisoners do not have a First Amendment right to access email) (citations omitted); *Cardona-Sandoval v. Rushing*, No. 4:09-CV-2987, 2010 WL 1485414, at *1 (N.D. Ohio Apr. 13, 2010) (prisoners have no per se constitutional right to use a telephone) (citations omitted).

Although "incarceration does not divest prisoners of all constitutional protections," the "constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 228-29 (2001). Plaintiff does not allege that he was deprived of all communication with the outside world. Given that Plaintiff has no *per se* constitutional right to email or telephone access, restrictions on that access for a limited period of time does not violate Plaintiff's First Amendment rights. See *Cardona-Sandoval*, 2010 WL 1485414, at *1 (plaintiff does not allege he was completely denied access to any communication method and, therefore, fails to allege a constitutional violation).

Plaintiff's allegation that the limitations on his email and telephone access violated ODRC policies also fails to state a claim for a constitutional violation. "An alleged failure to comply with an administrative rule or policy does not rise to the level of a constitutional violation." *Robison v. Coey*, No. 2:15-CV-944, 2015 WL 5437175, at *10 (S.D. Ohio Sept. 14, 2015) (citing *Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007)), *report and recommendation adopted,* 2015 WL 6164113 (S.D. Ohio Oct. 21, 2015).

(4:19CV01438)

**B. Transfer to SOCF**

Nor does a prisoner have a constitutional right to be incarcerated at a particular facility, to a particular security classification, or freedom from segregation. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see Howard v. Tibbals*, No. 1:12-CV-2628, 2013 WL 821339, at *7 (N.D. Ohio Mar. 4, 2013) (same) (collecting cases). While a different analysis may apply to transfer to a "supermax" prison, that analysis does not apply here. In this case, Plaintiff was transferred from OSP, a supermax prison, to SOCF, a maximum security prison. Because he has no constitutional right to a particular place of confinement or security classification, Plaintiff's transfer from OSP to SOCF does not impose any "'atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life'" and, therefore, fails to implicate a liberty interest protected by the Due Process Clause. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

**C. Retaliation**

Plaintiff alleges that since he was transferred to SOCF on May 21, 2019, the limitations on his access to email and telephone have continued, his mail is being thrown away, he has been placed in segregation and subjected to cell shakedowns in retaliation for "this civil action." Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff's conclusory allegation that communication and privileges restrictions are related to the filing or threatened filing of this lawsuit are, without more, insufficient to state a claim for retaliation. *McDougald v. Sammons,* No. 1:17-CV-91, 2017 WL 9605079, at *2 (S.D. Ohio Apr. 10, 2017) ("Plaintiff's

6

(4:19CV01438)

conclusory allegation that defendant Andre retaliated against him without any 'further factual enhancement' is simply insufficient to state an actionable claim for relief.") (citing *Twombly*, 550 U.S. at 555-57), *report and recommendation adopted*, 2018 WL 1149865 (S.D. Ohio Mar. 5, 2018); *Brown v. Carpenter*, 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995) ("A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.") (citations omitted); *see also Holt v. Hockett*, No. 1:19-CV-583, 2019 WL 4928895, at *4 (S.D. Ohio Oct. 7, 2019) (citing *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) ("[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment.  Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred.") (citations omitted)); *Wade-Bey v. Fluery*, No. 2:07-CV-117, 2008 WL 2714450, at *6 (W.D. Mich. July 8, 2008) (the filing of a frivolous lawsuit would not be protected activity to support a retaliation claim) (citation omitted).

### IV.  Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's motion to introduce evidence to the Court is granted.  ECF No. 5.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 15, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

7